NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REQUILMER OTTONIEL ANGEL-JOACHIN, AKA Marcos Javier-Angel,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-70417

Agency No. A208-577-113

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Requilmer Ottoniel Angel-Joachin ("Petitioner" or "Angel-Joachin"), a citizen of Guatemala, seeks review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, this Court may review both decisions to the extent the BIA, in reaching its decision, relied on the grounds considered by the IJ.  *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).  This Court reviews the BIA's factual findings under the highly deferential substantial evidence standard and reviews de novo both purely legal questions and mixed questions of law and fact.  *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012).

1.	Substantial evidence supports the BIA and the IJ's conclusion that Petitioner's proposed particular social group ("PSG") is not cognizable, which alone forecloses his eligibility for asylum.  Critically, Angel-Joachin failed to provide any evidence that Guatemalan society perceives his proposed PSG of "witnesses who assist authorities with an investigation and provide statements to authorities against gang members" as socially distinct.  Petitioner unsuccessfully attempts to compare the facts of his case to those of *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), where this Court reversed the BIA's holding that Henriquez-Rivas' PSG of people testifying against gang members was not socially distinct.  However, in *Henriquez-Rivas*, this Court noted

that Salvadoran society recognized people testifying against gang members as distinct in its society as exemplified by the "Salvadoran legislature enact[ing] a special witness protection law in 2006 to protect people who testify against violent criminal elements." *See id.* at 1092. Whereas, here, Angel Joachin only points to two State Department Human Rights Reports from 2015 and 2016. The reports detail the serious problems of gang violence and corruption in Guatemala but do not compel the conclusion that Guatemalan society recognizes those who have witnessed and reported a crime as socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) ("[N]one of those documents discusses *reporting* gang violence to police, or any risks or barriers associated with doing so. Nor, critically, does any of those documents assert that Guatemalan society *recognizes* those who, without more, report gang violence as a distinct group.") (emphasis in original).

2.  Since Angel-Joachin has not met the standard for asylum, he cannot meet the higher burden of demonstrating eligibility for withholding of removal. *See Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006); *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3.  Based on the record here, "a reasonable factfinder would not be compelled to find [Petitioner] eligible for CAT protection" because he did not establish governmental acquiescence to torture. *See Tamang v. Holder*, 598 F.3d

1083, 1095 (9th Cir. 2010). Notably, the Guatemalan government investigated the murder of Petitioner's mother, and arrested, convicted, and sentenced her assailant to thirty years in prison. *See Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023) (holding that an article stating that many authorities collude with criminals does not compel the conclusion that the government would acquiesce in torture against the petitioner where the authorities investigated, arrested, and convicted petitioner's father's murderer).

**PETITION DENIED.**[1]

---

[1] This Court does not address arguments presented in the parties' briefs that the BIA declined to consider because it did not need to do so. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).